IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHIL-INSUL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV91 |
| | ) | |
| V. | ) | |
| | ) | |
| REWARD WALL SYSTEMS, INC., | ) | ORDER |
| BUILDBLOCK BUILDING | ) | |
| SYSTEMS, LLC, NUDURA | ) | |
| CORPORATION, POLYFORM, | ) | |
| A.G.P., Inc., and AMVIC | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

This case involves a charge of infringement of United States Patent No. 5,428,933 (the "933 patent") against multiple defendants, including Polyform, A.G.P., Inc. and Nudura Corporation (collectively referred to herein as the "Polyform Defendants"). On July 19, 2012, this court entered its Memorandum and Order Re: Claim Construction. (Filing 168.) On August 3, 2012, the Polyform Defendants filed a motion for summary judgment, arguing that there has been no infringement of the patent both literally and under the doctrine of equivalents ("DOE").[1] (Filing 169.) The Polyform Defendants maintain that summary judgment is warranted because Plaintiff is barred from invoking the DOE by claim vitiation[2]

---

[1] Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." Warner-Jenkins Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997).

[2] "Claim vitiation applies when there is a clear, substantial difference or a difference in kind between the claim limitation and the accused product." Trading Techs. Int'l, Inc. v. eSpeed, Inc., 595 F.3d 1340, 1355 (Fed. Cir. 2010) (quotation and citation omitted).

and prosecution history estoppel.[3]

On August 14, 2012, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 56(d) requesting that it be permitted to depose Jean Louis Beliveau ("Beliveau"), the owner-executive of the Polyform Defendants, before responding to the Polyform Defendants' summary judgment motion. (Filing 172.) Plaintiff claims that additional evidence, specific to the factors to be considered in a DOE analysis, is required before it can fully respond to the summary judgment motion and that this evidence may be obtained by deposing Beliveau.

In response, the Polyform Defendants moved for a protective order, seeking to preclude Plaintiff from deposing Beliveau.[4] (Filing 175.) They contend that because information from Beliveau would simply be directed to an attempt by Plaintiff to argue that the relevant products infringe under the DOE, there is no legitimate reason to take Beliveau's deposition. The Polyform Defendants claim that the DOE is not available to Plaintiff as a matter of law under prosecution history estoppel and claim vitiation and, therefore, no additional facts are necessary for the court to rule on the summary judgment motion. They further argue that because Beliveau, who lives in Montreal, Quebec, is unavailable for deposition until late September, postponing a ruling on the motion for summary judgment until Beliveau can be deposed would cause undue delay. In an apparent attempt to resolve this dispute, the Polyform Defendants offered an alternate witness for deposition. Plaintiff rejected this offer, maintaining that the proposed witness does not have the specialized knowledge that Beliveau possesses.

## ANALYSIS

Under Fed. R. Civ. P. 56(d), the court may defer ruling on a motion for summary judgment if the party opposing the motion shows by affidavit that, for specified reasons, it

---

[3] Prosecution history estoppel limits "the doctrine of equivalents when the applicant makes a narrowing amendment for purposes of patentability, or clearly and unmistakably surrenders subject matter by arguments made to the examiner." Salazar v. Procter & Gamble Co., 414 F.3d 1342, 1344 (Fed. Cir. 2005) (citation omitted).

[4] The Polyform Defendants do not object to Plaintiff deposing Beliveau, if necessary, following the resolution of the motion for summary judgment.

2

cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). The purpose of Rule 56(d) "is to provide an additional safeguard against an improvident or premature grant of summary judgment." U.S. ex. rel. Bernard Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002) (quotation and citation omitted). "Although Rule 56(d) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious, it should be applied with a spirit of liberality." Jacobs v. PT Holdings, Inc., No. 8:11CV106, 2012 WL 705772, *2 (D. Neb. Mar. 2, 2012) (internal citations and quotations omitted).

In order to request discovery under this rule, "a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Ojeda v. Scottsbluff, No. 4:08CV3067, 2009 WL 2990019, *1 (D. Neb. Sept. 16, 2009). In support of its motion, Plaintiff submitted the declaration of its attorney, Paul Adams ("Adams"). (Filing 174.) Adams claims that in order to show that the motion for non-infringement based on the DOE is improvident, Plaintiff needs technical testimony from a qualified witness. According to Adams, Beliveau is the person most qualified to provide this information. Adams avers that Beliveau is the designer of the allegedly infringing product and that Beliveau is deeply familiar with Plaintiff's product because his company manufactured it for several years. Adams contends that due to Beliveau's familiarity with both products at issue, he is best suited to provide information with respect to "equivalence."

I find that Plaintiff has complied with the requirements of Fed. R. Civ. P. 56(d) and will permit the requested deposition. I am persuaded that the additional discovery sought may be relevant to the issues presented in the summary judgment motion, particularly whether claim vitiation bars Plaintiff's DOE claim. The DOE "permits a finding of infringement, despite the missing limitation, because the deficit is not substantial." Nystrom v. Trex Co., 580 F.3d 1281, 1287 (Fed. Cir. 2009) (Rader, J., additional views). However, claim vitiation "bars infringement because the same deficit is substantial." *Id*. "In other words, claim vitiation . . . simply rewinds and replays the doctrine of equivalents test for substantiality of a missing claim limitation." *Id*. Therefore, "a finding of insubstantial difference to show equivalency obviates any further vitiation analysis–the wholly insignificant equivalent, by definition, would not vitiate the claim. On the other hand, a

3

finding of substantial difference renders vitiation unnecessary." *Id*. Additional discovery may allow the court to consider the totality of the circumstances when considering the motion for summary judgment.

Moreover, I conclude that there is little harm in allowing the deposition to proceed. The requested deposition can be completed within a reasonably brief period of time, such that disposition of the Polyform Defendants' summary judgment motion will not be unreasonably delayed. Therefore, keeping the spirit of liberality in mind, I will permit the requested deposition to go forward, within the confines set forth below. The Polyform Defendants' Motion for Protective Order (filing 175) will therefore be denied.

**IT IS ORDERED:**

1. Plaintiff's Motion Pursuant to Fed. R. Civ. P. 56(d) to Permit Integraspec to Obtain Evidence in Response to the Polyform Defendants' Motion for Summary Judgment of Non-Infringement (filing 172) is granted.

2. Jean Louis Beliveau shall appear for deposition by or before October 12, 2012. Plaintiff shall respond to the Polyform Defendants' motion for summary judgment (filing 169) within fourteen days of the completion of Beliveau's deposition.

3. The Polyform Defendants' Motion for Protective Order (filing 175) is denied.

**DATED September 11, 2012.**

                                          **BY THE COURT:**

                                          **S/ F.A. Gossett**
                                          **United States Magistrate Judge**