IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHIL-INSUL CORP., d/b/a INTEGRASPEC,<br><br>                  Plaintiff,<br><br>    vs.<br><br>REWARD WALL SYSTEMS, INC.;<br>BUILDBLOCK BUILDING SYSTEMS, LLC;<br>NUDURA CORPORATION; POLYFORM,<br>A.G.P., INC.; and AMVIC CORPORATION,<br><br>                  Defendants. | **8:12CV91**<br><br>**MEMORANDUM AND ORDER** |

       This matter is before the court on the Statement of Objections, Filing No. 245, to the Findings and Recommendation ("F&R") of the magistrate judge, Filing No. 244, on a Motion for Sanctions filed by defendants Polyform, Inc. and Nudura Corporation (hereinafter, collectively, "the Polyform defendants"), Filing No. 72. The magistrate judge recommended denial of the motion. Filing No. 244, F&R at 13.

       In the motion for sanctions, the Polyform defendants assert that the claims of infringement of plaintiff Phil-Insul Corp., d/b/a IntegraSpec (hereinafter, "IntegraSpec") are baseless and frivolous. Essentially, the magistrate judge found that an analysis of the prosecution history demonstrates that an interpretation that is contrary to that of the Polyform defendants and to that of the court in the claim construction and summary judgment orders, though unsuccessful, is objectively reasonable and supportable. *Id.* at 12.

       The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive' matters are covered by § 636(b)(1)(B).

*Gomez v. United States,* 490 U.S. 858, 873-74 (1989); see also Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a).  With respect to dispositive motions, a magistrate judge lacks authority to do anything but make recommendations, which are subject to de novo review.  *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. § 636(b)(1).

The federal courts are not in agreement as to whether Fed. R. Civ. P. 11 sanctions are dispositive or nondispositive.  *Compare Bennett v. General Caster Serv.,* 976 F.2d 995, 998 (6th Cir. 1992) (dispositive); *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996) (stating that "[t]he fact that an attorney was the subject of a sanctions request does not change the fact that resolution of a sanctions request is a dispositive matter capable of being referred to a magistrate judge only under § 636(b)(1)(B) or § 636(b)(3), where the district judge must review the magistrate judge's report and recommendations de novo."); *with Maisonville v. F2 America, Inc.,* 902 F.2d 746, 748 (9th Cir. 1990) (nondispositive); s*ee also Kiobel v. Millson*, 592 F.3d 78, 84-86 (2d Cir. 2010) (J. Cabranes, concurring) (collecting cases).

"Rule 11 sanctions may be imposed on the filing of a complaint when 'the frivolous nature of the claims-at-issue is unequivocal.'" *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1372 (Fed. Cir. 2013) (quoting *Carter v. ALK Holdings, Inc.*, 605 F.3d 1319, 1323 (Fed. Cir. 2010).  "Reasonable minds can differ as to claim construction positions and losing constructions can nevertheless be nonfrivolous." *Raylon, LLC v. Complus Data Innovations, Inc.,* 700 F.3d 1361, 1368 (Fed. Cir. 2012).  However, "there

is a threshold below which a claim construction is 'so unreasonable that no reasonable litigant could believe it would succeed,' and thus warrants Rule 11 sanctions." *Id.* (quoting *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011). An objective reasonableness standard applies in determining whether conduct violates Rule 11's requirements. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 831 (8th Cir. 2003).

Because the magistrate judge made findings and issued a recommendation, this court conducts de novo review. The court has reviewed the parties' submissions in connection with the motion as well as the objection and response thereto. The court finds no error in the magistrate judge's findings. IntegraSpec's position is not so unreasonable that no reasonable litigant could believe it would succeed. The court agrees with the magistrate judge's conclusion that "IntegraSpec's positions ultimately proved unsuccessful but were not meritless." Accordingly,

IT IS ORDERED:

1. Polyform's Statement of Objections (Filing No. 245) to the Findings and Recommendation of the magistrate judge (Filing No. 244) is denied.

2. The Findings and Recommendations of the magistrate judge (Filing No. 244) are adopted.

3. Polyform's Motion for Sanctions Pursuant to Rule 11 (Filing No. 72) is denied.

Dated this 29th day of May, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge